United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60997
Summary Calendar

_____

BETSY EICHELBERGER; CALVIN HAMPTON,

Plaintiffs-Appellants,

versus

STANLEY CUNNINGHAM, etc.; ET AL.,

Defendants,

STANLEY CUNNINGHAM, In his Official Capacity
as Chancery Clerk of Winston County,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:02-CV-286
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants Betsy Eichelberger and Calvin Hampton,

Mississippi residents, appeal from the district court's order

granting summary judgment to defendant-appellee Stanley

Cunningham. The plaintiffs filed this 42 U.S.C. § 1983 civil

rights complaint for "declaratory relief," seeking primarily to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

enjoin or disrupt a lawsuit that had been filed against them in the Chancery Court of Winston County, Mississippi. The plaintiffs asserted that Cunningham had violated their procedural and substantive due process rights by permitting the lawsuit to continue against them based on an amended complaint that had been improperly filed with the same case number as the original complaint, which had been dismissed without prejudice. The plaintiffs also indicated that Cunningham had caused them to be falsely imprisoned for contempt of court, after they failed to appear at a hearing in the case.

The plaintiffs have abandoned all claims against the three private defendants who had filed the Chancery Court lawsuit against them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

This court reviews de novo a district court's order granting a party's summary-judgment motion. Whittaker v. BellSouth Telecomm., Inc., 206 F.3d 532, 534 (5th Cir. 2000). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of showing the district court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325

(1986). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e).

The district court correctly concluded that the plaintiffs' allegations failed to establish a violation of their procedural due process rights. The plaintiffs have never clearly identified either a "liberty" or "property" interest of which they were deprived by Cunningham or a legal "process" or procedure of which they were deprived. See Zinermon v. Burch, 494 U.S. 113, 125-27 (1990). Moreover, they have failed to show how Cunningham, who allegedly only filed the private defendants' amended complaint and issued a summons to plaintiff Eichelberger, was personally involved in any deprivation of due process or caused any such deprivation. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). The plaintiffs' substantive due process claim is frivolous, as they have failed to show that Cunningham's alleged errors could be characterized as "conscience shocking." See Zinermon, 494 U.S. at 125; County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998). We will not consider the plaintiffs' equal-protection claim, which is raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Because the plaintiffs' appeal is "entirely without merit," the appeal is DISMISSED as frivolous. FED. R. APP. P. 34(a)(2)(A); 5TH CIR. R. 42.2.